UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARTIN SCHMITT,

                              Plaintiff,

      v.                                 12-CV-0528

UNITED STATES OF AMERICA,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced this action seeking damages against the United States for a parcel that got lost in the mail. Before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

**I.    FACTS**

On September 22, 2011 Plaintiff Martin Schmitt mailed a parcel containing six rolls of U.S. Presidential coins, valued at $186.01, via Priority Mail with delivery confirmation from the Ghent, New York Post Office to an address in Hollywood, Florida. See Def.'s Mot. to Dismiss at 2. Plaintiff did not insure the parcel. See id. The parcel never reached its destination. See id. Plaintiff brought a small claims action in Ghent Town Court claiming damages against Postmaster Jack VanBuren[1] of the Ghent Town Post Office in the amount of $186.01. Defendant removed the action to this Court pursuant to 28 U.S.C § 1441, *et seq.*

---

[1] Postmaster VanBuren acted in the scope of his employment at the times relevant to Plaintiff's complaint. Accordingly, the United States is substituted as the proper defendant herein. 28 U.S.C § 2697(b)(1).

See Notice of Removal. Before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).[2]

## II.   STANDARD OF REVIEW

Fed. R. Civ P. 8(a)(2) requires the plaintiff, in her initial pleading, to state a short and plain statement of the claim showing she is entitled to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). The purpose of this requirement is two-fold: 1) to give fair notice of the claim; and 2) to state the grounds upon which the claim rests. See id. To withstand a motion to dismiss, the complaint must allege facts–accepted as true–that are sufficient to state a facially plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 668, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Although not akin to probability, the plausibility standard asks for more than a mere possibility the defendant acted unlawfully. See id. The plausibility standard requires the plaintiff to plead factual content that allows the court to reasonably infer the Defendant's liability for the alleged misconduct.  See id.

With this standard in the mind, the Court will address the pending motion to dismiss.

## III.   DISCUSSION

The United States Postal Service, established by the Postal Reorganization Act, is an independent establishment of the Executive Branch of the United States responsible for providing postal service throughout the country.  See 39 U.S.C. §§ 101(a), 201.  Although the

---

[2]Plaintiff did not oppose this motion.  Under L.R.7.1(b)(3), where a properly filed motion is unopposed, and the Court determines the moving party has met is burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers is deemed as consent to the granting or denial of the motion.

Postal Service has a general power to sue and be sued in its official name, tort claims arising out of activities of the Postal Service fall under the Federal Torts Claim Act. See 39 U.S.C. §§ 401(1), 409(c); Dolan v. United States Postal Service, 546 U.S. 481, 484, 126 S. Ct. 1252, 1256 (2006).

The Federal Torts Claim Act (FTCA) provides a waiver of sovereign immunity in certain cases.[3]  However, the United States retains sovereign immunity with respect to tort claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see Dolan, 546 U.S. at 490, 126 S. Ct. at 1259; Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985); Birnbaum v. United States, 588 F.2d 319, 328 (2d Cir. 1978).

Here, Plaintiff seeks recovery for the loss of coins sent in the mail. See Pl.'s Compl. Thus, his claim "arises out of the loss...of...postal matter," and the United States retains sovereign immunity under 28 U.S.C. § 2680(b). See Dolan, 546 U.S. at 485, 126 S. Ct. at 1256; Anderson, 761 F.2d at 528. Accordingly, Plaintiff's claim must be dismissed.

---

[3]Sovereign immunity is waived for "claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."28 U.S.C. § 1346(b)(1).

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED.

IT IS SO ORDERED.

Dated: June 1, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge